**In the Matter of the ADOPTION OF Ernest Ray GUZMAN and Jeffrey Lynn Guzman, minor children, Anita Sanchez, Appellant.**

No. 15508.

Supreme Court of Utah.

Oct. 11, 1978.

Jonathan H. King, Salt Lake City, for appellant.

Harold C. Verhaaren, Salt Lake City, for respondent.

PER CURIAM:

Erika Guzman filed her petition in the District Court of Sale Lake County in which she seeks to adopt Ernest Ray Guzman and Jeffrey Lynn Guzmann, minor children of Ernest Guzman and Anita Sanchez. Ernest Guzman and Anita Sanchez were husband and wife and the children here involved are issue of that marriage. Anita and Ernest were divorced and the children were originally awarded to Anita and Ernest was granted rights of visitation. At a later date a stipulation was entered in the divorce proceedings wherein Anita agreed that Ernest be awarded custody of the children and that she be given reasonable rights of visitation. The decree of divorce was accordingly modified in accordance with the stipulation. Since that time in November, 1969, the children have been in the custody of Ernest. Ernest Guzman married Erika on February 2, 1970. Since the marriage the children have lived with Ernest and Erika. The petitioner Erika Guzman seeks to adopt Ernest Ray Guzman and Jeffrey Lynn Guzman, minor children of her husband and Anita Sanchez. Ernest Guzman, the father of the children, consents to their adoption by his wife Erika. Appellant Anita Sanchez denies that she abandoned or deserted her children and opposes the adoption by Erika Guzman.

A trial was had on the issue of whether or not Anita had deserted and abandoned the minor children. Thereafter the court made findings to the effect that from November 24, 1969, through July, 1972, Anita saw the children irregularly, having exercised her visitation rights only five or six times. The court further found that between July, 1972, and February, 1976, Anita sent no communications to the children for their birthdays or Christmas and, in fact, made no phone calls, sent no letters, made no gifts, nor did she attempt to contact or otherwise communicate with the children, with their teachers, nor with the petitioners Erika and Ernest Guzman during the periods of time above referred. The children together with Ernest and Erika Guzman lived in Salt Lake County and at all times the telephone number as well as the address were listed in the telephone directory. Anita likewise lived in Salt Lake County during the periods above referred to except for a period of approximately eight months when she resided in Denver, Colorado. The court

concluded that Anita had deserted and abandoned the minor children Ernest Ray Guzman and Jeffrey Lynn Guzman. The court further concluded that the desertion and the abandonment of the children was established by clear and convincing evidence and complied with the provisions of Sec. 78–30–5, U.C.A. 1953, as well as the amendment to that section enacted by the Legislature in 1977. The petition for adoption was granted. Section 78–30–5 as it existed prior to the 1977 amendment read as follows:

A child deserted by its parents or surviving parent and having no legal guardian may be adopted as in this chapter provided, without the consent of either parent, when the district court of the county where the petitioner resides shall determine that it is a deserted child. Any person desiring to adopt a deserted child may petition such district court setting out the facts, agreeing to regularly adopt the child, if found to be a deserted child, and praying that the court determine the fact. Notice of such proceedings, by personal service, publication or posting shall be served in such a manner as the court may direct and may deem most likely to give notice to the parents, and the court shall require such further notice of the proceedings to be given to the kindred of the child as shall appear to be just and practicable.

The above section was amended by Chapter 147, Laws of Utah, 1977, which provides as follows:

An act repealing and re-enacting Section 78–30–5, Utah Code Annotated, 1953, as amended, by Chapter 169, Laws of Utah, 1965; providing that consent of a natural parent is not required for adoption where the parent has failed to support or communicate with the child for a period of one year . . . Section 78–30–5, Utah Code Annotated, 1953, as amended by Chapter 169, Laws of Utah, 1965, is repealed and re-enacted to read:

A child may be adopted without the consent of the parent or parents, when the district court in which the proceedings are pending determines, after notice to such parent or parents in a manner determined by the court, that the parent or parents, having the ability and duty to do so, have not provided support and *have made no effort or only token effort without good cause to maintain a parental relationship with the child.* It is a rebuttal presumption that no effort has been made if the parent or parents have failed to support and communicate with the child for a period of one year or longer. [Emphasis added].

■ Appellant, Anita Sanchez, contends that the 1977 amendment has no application here. It is obvious that the Legislature by re-enacting 78–30–5 with some modifications intended only to clarify that section. We need not determine whether the 1977 amendment applies here inasmuch as the trial court found that the desertion and abandonment by appellant was established by clear and convincing evidence which satisfied the provisions of Sec. 78–30–5 as it existed prior to 1977 as well as after the amendment was adopted in that year.

■ During an interval of approximately four years, appellant Anita appears to have shown little interest in the children here involved and her failure to exercise her rights of visitation and in failing to communicate or to attempt to communicate with the children or with her former husband and father of the children and his present wife appear sufficient to support the court's conclusion that she intended to abandon them. Whether there has been an abandonment is a question of fact for the trial court to determine, and on appeal those findings will not ordinarily be disturbed.[1]

A review of the record leads us to conclude that the decision of the trial court should be affirmed and the facts upon which the court relied are sufficient to

---

1. *Robertson v. Hutchison*, 560 P.2d 1110; See also *State of Utah, In the Interest of Summers Children v. Wulffenstein*, 560 P.2d 331.

bring it within the terms of the statute above referred to as well as the definitions of abandonment set forth in prior decisions of this Court.

The judgment is affirmed. No costs awarded.

ELLETT, C. J., concurs in result.